IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WILLIAM LEE TREESH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:06-CV-345 |
| | ) | |
| LAUTREC, LTD. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on the Application to Proceed Without Prepayment of Fees and Affidavit, filed by William Lee Treesh on October 17. 2006.  For the reasons set forth below, the Court **DENIES** the application and **DISMISSES** this case pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii).

BACKGROUND

William Lee Treesh ("Treesh"), a *pro se* plaintiff, submitted a complaint under 42 U.S.C. section 1983. Treesh alleges that Lautrec, Ltd., its Vice President Gary Griglak, its District Manager Carol Martin, and its Manager Wendy McCoy violated his constitutional rights to freedom of speech and freedom of the press.

DISCUSSION

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

42 U.S.C. section 1983 provides a private right of action to redress the deprivation of a constitutional right by a state actor.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> For the individual defendants to act "under color of state law" for § 1983 purposes means to misuse power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. As a result, acts by a state officer are not made under color of state law unless they are related in some way to the performance of the duties of the state office.

*Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006) (quotation marks, brackets, and citation omitted).  Here, none of Defendants are state officers; they are a private company and its employees.  None of their power or authority was derived from state law and nothing they did was done in the performance of an official office.  Neither were they federal employees or acting pursuant to

-2-

federal law.  Therefore these Defendants could not have violated either section 1983 or his constitutional rights. Though Treesh may have disagreements with these Defendants, those conflicts are not adjudicable in this case.

CONCLUSION

For the reasons set forth above, the Court **DENIES** the application for *in forma pauperis* status and **DISMISSES** this case pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii).

**DATED:  October 26, 2006**            **/s/RUDY LOZANO, Judge**
                                                         **United States District Court**